IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM DEREMER<br>    **Plaintiff,**<br><br>V.<br><br>STATE AUTOMOBILE MUTUAL INSURANCE COMPANY AND MERIDIAN SECURITY INSURANCE COMPANY<br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO 3:23-cv-00159<br><br>JURY |

## MERIDIAN'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Meridian Security Insurance Company ("Meridian") files this Notice of Removal and in support thereof, respectfully shows the Court as follows:

### I. PROCEDURAL BACKGROUND

1. On April 20, 2023, Plaintiff William Deremer ("Plaintiff") filed his Original Petition and initiated a civil action against Meridian and State Automobile Mutual Insurance Company in the 239th Judicial District Court of Brazoria County, Texas, styled *William Deremer v. State Automobile Mutual Insurance Company and Meridian Security Insurance Company*, Cause No. 122646-CV ("State Court Action"). **Ex. C**.

2. On or about May 1, 2023, Meridian was served with a copy of the Citation and Plaintiff's Original Petition. **Ex. E**. State Auto was also served with a copy of the Citation and Plaintiff's Original Petition on or about May 1, 2023. **Ex. F**. Meridian timely filed its answer in the State Court Action on May 16, 2023. *See* **Ex. D**. On May 12, 2023, Plaintiff non-suited his

claims against State Auto after Meridian filed binding stipulations, in which Meridian agreed that it is the proper defendant herein. *See* **Ex. B**; **Ex. G**.[1] Under Texas law, Plaintiff's non-suit effectively removed State Auto as a defendant immediately, leaving Meridian as the only defendant herein. *See In re Greater H. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (non-suit is effective "from the moment a written motion is field"); *e.g., Rios v. Merck & Co., Inc.* No. C-06-439, 2006 WL 2882796, at *1 (S.D. Tex. Oct. 5, 2006).

3. Meridian, the only remaining defendant herein, now timely files this Notice of Removal within the thirty-day timeframe for removal under 28 U.S.C. § 1446(b). Because Plaintiff has non-suited his claims against State Auto, Meridian is the only party that must consent to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

4. Meridian's Notice of Removal is timely as Meridian now files within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

5. Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of Texas, Galveston Division because the 239th Judicial District Court of Brazoria County is located within the Galveston Division of the Southern District of Texas. Therefore, this Court is the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 1446(a).

## II.  ARGUMENT AND AUTHORITIES

6. Meridian's removal of the State Court Action is proper on the basis of diversity of citizenship jurisdiction. Under 28 U.S.C. § 1332(a)(2), diversity jurisdiction over a civil action exists in a federal district court when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when none of the parties in interest properly joined and served as defendants

---

[1] Pursuant to L.R. 81, Meridian does not attach a copy of its stipulations or Plaintiff's notice of non-suit to this Notice of Removal and attaches only the State Court's order granting the nonsuit.

are citizens of the same state as plaintiff. 28 U.S.C. § 1332(a)(2). Both requirements for subject matter jurisdiction based on diversity of citizenship are met in this case.

### A. The Parties are Completely Diverse.

7. Complete diversity of citizenship exists between Plaintiff and Defendant because Plaintiff is a citizen of Texas, and Meridian is a citizen of Indiana. Plaintiff is an individual, and an individual is a citizen of the state in which the individual is domiciled. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). An individual is domiciled in the state in which he resides with the intent to remain indefinitely. *State of Tex. v. State of Fla.*, 306 U.S. 398, 424–25 (1939); *see also Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760 (S.D. Tex. 2007). An individual may have only one domicile, which is presumed to continue until the individual is physically present in a different state with the intent to remain indefinitely. *See Coury*, 85 F.3d at 250; *Stine v. Moore*, 213 F.2d 446, 447–48 (5th Cir. 1954). According to Plaintiff's Original Petition, Plaintiff is a resident of Brazoria County, Texas. **Ex. C**, ¶2. Therefore, Plaintiff is a domiciliary and citizen of the State of Texas.

8. Meridian is a corporation, and a corporation is a citizen of every state under the laws of which it is incorporated and in the state in which it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Meridian is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State of Indiana and has its principal place of business in the State of Indiana. Meridian's principal place of business is 12900 N Meridian St, Suite 200, Carmel, Indiana 46032, at which place its high-level officers direct, control, and coordinate Meridian's activities. Therefore, Meridian is a citizen of the State of Indiana and not a citizen of Texas.

9. Accordingly, the Parties are completely diverse because Plaintiff is a citizen of Texas, and, for purposes of diversity jurisdiction, Meridian is a citizen of Indiana. *See* 28 U.S.C. § 1332(a)(2).

### B. The Amount in Controversy Exceeds $75,000.00.

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* **Ex. C** at p. 17. Meridian, as the party seeking to invoke federal jurisdiction, must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). Meridian satisfies this burden by either (1) demonstrating it is "facially apparent" from the petition that the claim likely exceeds $75,000.00; or, (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence establishing the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must show, to a legal certainty, he will not be able to recover more than the jurisdictional threshold. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

11. The amount in controversy under 28 U.S.C. § 1332(a) is determined by reference to plaintiff's pleadings. *Id.* at 1408. The damages the plaintiff claims in the petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Attorneys' fees are included in the amount in controversy where a statute under which the plaintiff sues authorizes recovery thereof. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001). When the State in which the plaintiff filed the original action does not permit demand for a specific sum, then the "defendant's [plausible] amount-in-controversy allegation should be accepted when not

contested." *Durbois v. Deustch Bank Nat'l T. Co. as T. of Holders of AAMES Mortg. Inv. T.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing *Dark Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)); *see also Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (removing defendant need only establish it is "'facially apparent' that the claims could probably exceed $75,000 or [establish] the facts in controversy in the removal petition. . . .").

12. Plaintiff's Original Petition does not state a specific monetary demand and the Texas Rules of Civil Procedure do not allow a petition to state a specific monetary demand. *See* TEX. R. CIV. P. 47. Rather, Plaintiff pleads he seeks monetary relief "over $250,000 not more than $1,000,000." **Ex. C**, at p. 17. Plaintiff also seeks treble damages, attorneys' fees, and penalty interest under the Texas Insurance Code. **Ex. C**, ¶¶48–49, p. 17. Prior to litigation, Plaintiff sent Meridian a statutory demand letter, seeking $36,407.48 in claimed "actual damages." Trebling these claimed damages alone exceeds the requisite amount in controversy threshold. Thus, it is facially apparent the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See St. Paul Reinsurance Co., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *e.g., Singleton v. Liberty Cnty. Mut. Ins. Co.*, No. 3:19-CV-0330-B, 2019 WL 2123549, at *1 (N.D. Tex. 2019) (considering a "request for treble damages, attorney's fees, [and] interest" in determining the amount in controversy). As a result, the amount-in-controversy requirement is satisfied.

### III. INFORMATION FOR THE CLERK

13. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendant attaches to this Notice of Removal:

      a. An index of the matters being filed, as **Exhibit A.**
      b. The State Court Action docket sheet, as **Exhibit B**.
      c. Pleadings asserting causes of action, as **Exhibit C.**
      d. All answers to pleadings asserting causes of action, as **Exhibits D**.
      e. All executed process in the State Court Action, as **Exhibit E and F**.
      f. All orders signed by the state judge, as **Exhibit G**.

14. Additionally, pursuant to Local Rule 81, the counsel of record for the represented parties are as follows:

>Counsel for Plaintiff, William Deremer:
>**CARRIGAN & ANDERSON, PLLC**
>**David M. Anderson**
>**Stephen P. Carrigan**
>101 N. Shoreline Blvd., Suite 420
>Corpus Christi, Texas 78401
>Telephone: 361-884-4433
>
>Counsel for Defendant, Meridian Security Insurance Company:
>**PHELPS DUNBAR LLP**
>**Clinton J. Wolbert**
>910 Louisiana Street, Suite 4300
>Houston, Texas 77002
>Telephone: 713 626 1386
>*and*
>**William R. de los Santos**
>2102 E. State Hwy 114, Suite 207
>Southlake, Texas 76092
>Telephone: 817-488-3134

15. Copies of all process, pleadings and orders served upon Meridian in the State Court Action are attached to this Notice of Removal as identified above, pursuant to 28 U.S.C. § 1446(a).

16. Meridian will file separately signed Corporate Disclosure and Certificate of Interested Parties which comply with FED. R. CIV. P. 7.1.

17. Meridian has or will promptly notify the 239th Judicial District Court of Brazoria County, Texas of its Removal of the State Court Action to this federal Court.

### IV. JURY DEMAND

18. Meridian requests a trial by jury in this Federal Court on all triable issues of fact.

### V. CONCLUSION

19. This is a civil action of which this Court would have had original jurisdiction under 28 U.S.C. 1332(a) had Plaintiff chosen to file this action in this Court. Therefore, removal of this civil action to this Court is proper under 28 U.S.C. § 1441(a) because it is an action between

citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### PRAYER

WHEREFORE, Meridian Security Insurance Company respectfully removes the above-entitled action from the 239th Judicial District Court of Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Clinton J. Wolbert*
    Clinton J. Wolbert
    Attorney-in-Charge
    State Bar No. 24103020
    910 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Telephone: 713 626 1386
    Facsimile: 713 626 1388
    clinton.wolbert@phelps.com

    William R. de los Santos
    State Bar No. 24125762
    william.delossantos@phelps.com
    2102 E. State Hwy 114, Suite 207
    Southlake, Texas 76092
    Telephone: 817-488-3134
    Facsimile: 817-488-3214

**ATTORNEYS FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served this 26th day of May 2023 to the following counsel in accordance with the Federal Rules of Civil Procedure:

David M. Anderson  *Vía ECF/Email: dangerson@ccatriallaw.com*
Stephen P. Carrigan  *Vía ECF/Email: scarrigan@ccatriallaw.com*
**CARRIGAN & ANDERSON, PLLC**
101 N. Shoreline Blvd., Suite 420
Corpus, Christi, Texas 78401
[T]: 361-884-4433
[F]: 884-4434
*Attorneys for Plaintiff*

*/s/ Clinton J. Wolbert*
Clinton J. Wolbert